IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

PATRIECE D. MINNER,

        Plaintiff,

v.                                                   Case 2:17-cv-02714-JPM-cgc

JUVENILE COURT, SHELBY COUNTY
GOVERNMENT, JACQUELINE PARSON,
and GARY CUMMINGS,

        Defendant.

---

ORDER CORRECTING THE DOCKET

REPORT AND RECOMMENDATION ON
DEFENDANTS' CONSOLIDATED MOTION TO STRIKE SECOND AMENDED
COMPLAINT AND TO STAY TIME FOR DEFENDANTS TO ANSWER,
PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT,
AND PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT TO ADD
SHELBY COUNTY GOVERNMENT AS DEFENDANT

---

      Before the Court are the following motions: Defendants' Consolidated Motion to Strike Amended Complaint and to Stay Time for Defendants to Answer (Docket Entry ("D.E.") #30) ("Motion to Strike"); Plaintiff's Motion for Leave to Allow Second Amended Complaint (D.E. #34) ("Motion for Leave"); and, Plaintiff's Motion to Amend Complaint and Add Shelby County Government as Defendant ("Second Motion for Leave") (D.E. #38). The instant motions have been referred to the United States Magistrate Judge for Report and Recommendation.[1] For the

---

[1] The instant case has been referred to the United States Magistrate Judge by Administrative Order 13-05 pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for

1

reasons set forth herein, it is RECOMMENDED that Defendants' Motion to Strike be GRANTED, that Plaintiff's Motion for Leave be DENIED, and that Plaintiff's Second Motion for Leave be DENIED. It is also ORDERED that the Clerk of Court correct the docket to reflect that Defendant "Juvenile Court, Shelby County Government" shall be named as "Shelby County Government."

I. **Introduction**

On September 27, 2017, Plaintiff filed a *pro se* Complaint for Employment Discrimination. (D.E. #1). Plaintiff named as Defendants the following: Juvenile Court; Jacqueline Parson ("Parson"); and, Gary Cummings ("Cummings"). (Compl. ¶ IB). Plaintiff alleges violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*. ("Title VII"), and also "[o]ther federal law," which she does not specify. (*Id*. ¶ 2). Specifically, Plaintiff alleges unequal terms and conditions of her employment, retaliation, harassment and intimidation on the basis of race, and defamation. (*Id*. ¶¶ III.A, III. D, V). She states that the alleged discriminatory acts occurred in May 2015, from April 2016 until July 2016, and from November 2016 to date and are still occurring. (*Id*. ¶¶ III.B-III.C). She states that she "wishes to be compensated for performing 2 distinct job functions at 5% per year," that she "requests to have [her] personnel file cleared of all negative reports," and that she requests "$200 per week for subjection to a hostile work environment." (*Id*. ¶ V). She also incorporates by reference the facts as stated in three Equal Employment Opportunity Commission ("EEOC") claims. (*Id*. ¶ III.E & Exhs. 1-3).

---

determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation.

On December 14, 2017, Plaintiff filed a *pro se* Amended Complaint for Employment Discrimination. (D.E. #9). Plaintiff named Juvenile Court, Shelby County Government, and Matthew John ("John")[2] as Defendants. (Compl. ¶ 1.B). Plaintiff alleges violations of Title VII, including unequal terms and conditions of her employment, retaliation, harassment, intimidation, defamation, and sabotage on the basis of race. (*Id* ¶¶ III.A, III.C). She alleges that the discriminatory acts occurred in July 2017 and are still occurring. (*Id.* ¶¶ III.B & III.C). She states that she requests to have her "personnel file cleared of all negative reports" and requests "punitive damages in the amount of $50,000.00 for defamation and slander." (*Id.* ¶ V). She also incorporates by reference the facts in a fourth EEOC claim that was not listed in the original Complaint. (*Id.* ¶ III.E & Exhs. 1-2).

On February 7, 2018, Plaintiff filed a *pro se* Second Amended Complaint for Employment Discrimination. (D.E. #18). Plaintiff named "Juvenile Court of Memphis of Shelby County Government," Parson, Cummings, and John as Defendants. (Compl. ¶ I.B). Plaintiff alleges violations of Title VII and, for the first time, violations of the Violent Crime Control and Law Enforcement Act of 1994.[3] (*Id.* ¶ II). She again alleges unequal terms and conditions of her employment, retaliation, "[o]ngoing harassment," intimidation, sabotage, and defamation on the basis of race. (*Id.* ¶¶ III.A, III.D). She alleges that the discriminatory acts occurred in May 2015 as well as April 2016 and are continuing to occur to date. (*Id.* ¶¶ III.B-III.C). She cites the four EEOC charges as mentioned in her Complaint and Amended Complaint, and she requests the

---

[2] Matthew John is listed as a Defendant in the body of the Complaint, (*See* Compl. ¶ 1.B), but is not listed as a Defendant in the style of the Complaint.

[3] Plaintiff states that the citation for the Violent Crime Control and Law Enforcement Act is 42 U.S.C. § 14141; Defendants assert that the proper citation for the Violent Crime and Law Enforcement Act of 1994 is 34 U.S.C. § 12601. Upon review, the Violent Crime Control and Law Enforcement Act was transferred from 42 U.S.C. § 14141 to 34 U.S.C. § 12601 effective September 1, 2017.

following relief: "punitive damages in the amount of $75,000"; clearance of her personnel file of "slanderous negative reports"; and, compensation for performing two distinct job functions at 5% per year through the duration of her employment. (*Id.* ¶¶ IV.A, V & Exhs. 1-4).

On March 5, 2018, Defendants Juvenile Court of Shelby County Government, Parson, and Cummings filed their Motion to Strike. (D.E. #30).[4] The Motion to Strike argues that Plaintiff has already filed an original Complaint and Amended Complaint and that Rule 15(a)(2) of the Federal Rules of Civil Procedure does not allow her to file a Second Amended Complaint without the consent of the opposing party or leave of Court. Defendants assert that Plaintiff has not received either. Thus, Defendants argue that the Court should strike Plaintiff's Second Amended Complaint.[5]

On March 14, 2018, Plaintiff filed her Motion for Leave pursuant to Rule 15 of the Federal Rules of Civil Procedure. (D.E. #34). Plaintiff appears to assert that she intended to file her Second Amended Complaint as a motion for leave, even though it is titled "Amended Complaint for Employment Discrimination," but that her "intent regarding the pleading was misinterpreted by the U.S. District Court Clerk personnel, resulting in the 'Second Amended' pleading." She further states that "[o]ngoing issues of documented harassment and retaliation from the Defendants against the pro se Plaintiff" necessitate the Second Amended Complaint. She also argues that she should be held to less stringent standards than a represented party as she

---

[4] At the time of the filing of the Motion to strike, John, named as a Defendant in the Amended Complaint, had not been served in the case; however, the summons was returned executed as to John on March 20, 2018. (D.E. #37). Defendant John later expressed that that he wishes to join in this motion. (Def.'s Resp. to Pl.'s Motion for Leave to File Second Amended Complaint at 1 n.1).

[5] These Defendants further requested that they not be required to file a responsive pleading in this matter until fifteen days after it is determined which Complaint is the operative one in this case. However, on March 13, 2018, all Defendants named in the Second Amended Complaint filed an Answer thereto. (D.E. #33).

4

is proceeding *pro se*. On the same date, Plaintiff also filed a Response to Defendants' Consolidated Motion to Strike. (D.E. #35). Therein, she reiterates the arguments in her Motion for Leave to File Second Amended Complaint and further asserts that it should be permitted because "[a]ll amendments to the pleading precedes service to all Defendants."

On March 19, 2018, all Defendants filed a Response to Plaintiff's Motion for Leave to File Second Amended Complaint. (D.E. #36). All Defendants reiterate that they have previously provided their factual and legal bases for opposing Plaintiff's filing of the Second Amended Complaint in their Motion to Strike.

On March 27, 2018, Plaintiff filed a Motion for Leave to Amend Complaint to Add Shelby County Government as Defendant ("Second Motion for Leave"). (D.E. #28). Plaintiff states that, pursuant to Rule 15 of the Federal Rules of Civil Procedure, she should be allowed leave to name "Shelby County Government" as a Defendant because it is "the corporation which oversees Juvenile Court of Shelby County and further employs or employed all previously mentioned defendants in this matter." Plaintiff also reiterates that the intent of her initial pleading was misinterpreted by this Court Clerk's personnel, although it is not clear how this is even allegedly so as it contains an entirely new request to amend, and that she be held to less stringent standards than a represented party.

On March 28, 2018, all Defendants filed a Response in Opposition to Plaintiff's Second Motion for Leave. Defendants argue that Plaintiff is essentially now asking for leave to file a Third Amended Complaint even though her request for leave to file a Second Amended Complaint is still pending with the Court along with their Motion to Strike. Defendants rely on the arguments previously raised in their filings and further assert that Plaintiff may not add any

additional parties due to the relevant statute of limitations. Defendants also state that, in their Answer to the Second Amended Complaint, they have asserted that "Juvenile Court of Memphis and Shelby County Government" is not a proper Defendant but that "Shelby County Government" is the proper Defendant. They state that they have advised Plaintiff that they would not oppose a motion to substitute "Shelby County Government" for "Juvenile Court of Memphis of Shelby County Government" as the proper defendant but do not consent to an amendment to bring in an additional defendant. Defendants also clarify that they are not intending to waive their arguments that the Second Amended Complaint should be stricken.

## II.     Proposed Analysis

Rule 15(a)(1) of the Federal Rules of Civil Procedure permits an amendment to a pleading "once as a matter of course within . . . 21 days after serving it" or, "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). Rule 15(a)(2) of the Federal Rules of Civil Procedure states that, "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Plaintiff's Amended Complaint, which is not at issue in the pending motions, was filed pursuant to Rule 15(a)(1). Plaintiff's Second Amended Complaint was not permitted by Rule 15(a)(1), which only permits an amendment once as a matter of course, or by Rule 15(a)(2), as Plaintiff had neither the Court's leave nor the opposing party's consent.

### A. *Plaintiff's Motion for Leave and Defendant's Motion to Strike*

Plaintiff's Motion for Leave and Defendants' Motion to Strike address whether she should be granted leave to file the Second Amended Complaint. This request is governed by Rule 15(a)(2). Although leave to amend should be freely granted, Fed. R. Civ. P. 15(a), such leave should not be granted in cases of "undue delay, undue prejudice to the opposing party, bad faith, dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or futility." *Foman v. Davis*, 371 U.S. 178 (1962).

First, Plaintiff seeks to amend the named Defendants. Her initial Complaint named Juvenile Court, Parson, and Cummings. Her Amended Complaint named "Juvenile Court of Memphis and Shelby County," and John. Her Second Amended Complaint names "Juvenile Court of Memphis of Shelby County Government," Parson, Cummings, and John. With respect to Plaintiff's proposed amendment to add Parson and Cummings, the Court does not find any basis for her to amend her complaint to add these Defendants a second time, as she was clearly aware of their potential role as defendants in her case at the time of filing her initial Complaint because they were named at that time. Plaintiff had the opportunity to name them as Defendants in her Amended Complaint and declined to do so. Thus, it is recommended that Plaintiff's request to name Parson and Cummings in the Second Amended Complaint be denied.[6]

Next, Plaintiff seeks to add a claim under the Violent Crime Control and Law Enforcement Act of 1994. Under the statute, only the "Attorney General, for or in the name of the United States, may in a civil action obtain appropriate equitable and declaratory relief to eliminate the pattern or practice." 34 U.S.C. § 12601(b). It does not "create a private right of action." *Cordell v. Town of Signal Mountain*, No. 1:13-cv-137, 2014 WL 5704662, at *4 (E.D. Tenn.

---

[6] The correct name of the county defendant will be addressed, *infra*, Section II.B.

Nov. 5, 2014) (citing *CP, ex rel. Powell v. Tennessee*, No. 3:10-CV-126, 2010 WL 2598105, at *3 (E.D. Tenn. 2010)). Thus, it is recommended that Plaintiff's proposed amendment to add a claim under the Violent Crime Control and Law Enforcement Act of 1994 is futile.

Plaintiff then seeks to amend the dates on which the discriminatory acts occurred. In the Complaint, she states that the alleged discriminatory acts occurred in May 2015, from April 2016 until July 2016, and from November 2016 to date and are still occurring. In the Amended Complaint, she alleges that the discriminatory acts occurred only from July 2017 to date and are still occurring. In the Second Amended Complaint, she proposes to amend the dates to May 2015 and April 2016 to date and still occurring. To further complicate matters, Plaintiff requests that she be permitted leave to file the Second Amended Complaint due to "[o]ngoing issues of documented harassment and retaliation from the Defendants against the pro se Plaintiff"; however, she actually proposes to include dates that had been previously pled in the Complaint and abandoned in the Amended Complaint. As with Plaintiff's request to add Defendants Parson and Cummings in the Second Amended Complaint after removing them in the Amended Complaint, the Court recommends that there is no basis that Plaintiff be allowed leave to amend the dates on which the discriminatory acts occurred.

Plaintiff next seeks to amend the precise relief requested. First, she seeks to add a request that she be compensated for performing two distinct job functions. Once again, the request to be compensated for performing two distinct job functions was contained in Plaintiff's Complaint, abandoned in her Amended Complaint, and now is proposed to be reasserted. The Court recommends that the interests of justice are not served by allowing this previously abandoned claim to now be permitted. Next, she seeks to increase her request for punitive damages from

$50,000.00 to $75,000.00. Plaintiff has provided no argument as to why justice so requires that she be allowed to increase her request for punitive damages, the amount of which she had already plead in her Amended Complaint. Thus, the Court finds no basis for this amendment to be permitted.

Finally, Plaintiff's Amended Complaint only relies upon once EEOC charge: 490-2017-03055. Plaintiff seeks to rely on four EEOC charges in her Second Amended Complaint. As is the case with the majority of Plaintiff's proposed amendments, the other three EEOC charges were mentioned in her Complaint, abandoned in her Amended Complaint, and are now proposed to be added again. The Court finds no basis for Plaintiff to be permitted to re-plead which EEOC charges for the base of her Complaint.

Accordingly, it is RECOMMENDED that Plaintiff's Motion for Leave be DENIED and that Defendants' Motion to Strike be GRANTED. Thus, it is recommended that Plaintiff's Amended Complaint (D.E. #9) shall be the operative pleading.

### B. *Plaintiff's Second Motion for Leave*

Plaintiff's Second Motion for Leave seeks only to add "Shelby County Government" as a Defendant by way of a Third Amended Complaint. Plaintiff has sued the Juvenile Court and/or Shelby County Government in some form in the Complaint, Amended Complaint, and Second Amended Complaint. Defendants have agreed to substitute "Shelby County Government" as the proper party. Accordingly, the Clerk of Court is directed to correct the docket to reflect that Defendant "Juvenile Court, Shelby County Government" shall be named as "Shelby County Government." Further, as there is no basis to add Shelby County Government as a Defendant,

merely to rename it properly, it is RECOMMENDED that Plaintiff's Second Motion for Leave be DENIED.

### III. Conclusion

For the reasons set forth herein, it is RECOMMENDED that Defendants' Motion to Strike be GRANTED, that Plaintiff's Motion for Leave be DENIED, and that Plaintiff's Second Motion for Leave be DENIED. It is also ORDERED that the Clerk of Court correct the docket to reflect that Defendant "Juvenile Court, Shelby County Government" shall be named as "Shelby County Government."

**DATED** this 4th day of June, 2018.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**