# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

___

| | | |
|---|---|---|
| PATRIECE D. MINNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:17-cv-2714-JPM-cgc |
| | ) | |
| SHELBY COUNTY GOVERNMENT, | ) | |
| ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

___

## ORDER ADOPTING REPORT AND RECOMMENDATION IN PART, AND
## GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO AMEND

___

Before the Court is a Report and Recommendation filed by the United States Magistrate Judge on June 4, 2018. (ECF No. 40.) In her Report, the Magistrate Judge addressed the Second Amended Complaint filed pro se by Plaintiff Patriece D. Minner, (ECF No. 18,) Defendant Shelby County's Motion to Strike, (ECF No. 30,) and Minner's Motion to Amend Complaint (ECF No. 38.) Minner filed her timely objections to the Report on June 18, 2018. (ECF No. 41.) On de novo review, the Court ADOPTS IN PART the recommendations of the Magistrate Judge and GRANTS IN PART and DENIES IN PART Plaintiff's Motion for Leave to Amend. Specifically, Plaintiff is granted leave to amend her complaint to assert: her claims for equal pay, racial discrimination, and retaliation against her by her employer; her factual allegations from all four of her EEOC charges; her factual allegations that she suffered discrimination in May 2015 and from April 2016 to the present; and her request for $75,000 in damages. Plaintiff's motion is

DENIED to the extent that she requests leave to add a claim under the Violent Crime Control and Law Enforcement Act or against individual employees under Title VII.

I.  **Background**

Minner has worked as a Juvenile Service Counselor for the Juvenile Court of Memphis since March 3, 2008. (First Am. Compl., ECF No. 9 at 26.[1]) She alleges that her employer discriminates against her on the basis of her race, age, and sex in violation of Title VII of the Civil Rights Act, 42 U.S.C. §§2000e et seq, and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et seq. (Id. at 22-23; Compl., ECF No. 1 at 7.) She also alleges that her employer has retaliated against her for pursuing her discrimination claims. (Id. at 26.)

Minner filed her original Complaint, which incorporates three previously filed EEOC charges, on September 27, 2017. (ECF No. 1.) She named the Juvenile Court,[2] Jacquieline Parson, and Gary Cummings as defendants. (Id. at 2.) Minner explained that she sought to be paid at the same rate as similarly situated white employees.[3] (Id. at 7-8.) Minner alleged that she received negative performance review in retaliation for her discrimination charges filed with the EEOC and asked for a court order requiring Defendants to erase negative reports from her personnel file. (Id. at 6-8.) Minner requested damages in the amount of $200 per week for subjection to a hostile work environment, as well as unspecified relief for defamation. (Id. at 6.)

---

[1] All citations to page numbers in docket entries are to the CM/ECF PageID number.

[2] The Juvenile Court of Memphis is a unit of the Shelby County Government. The Magistrate Judge has already ordered that the record be corrected to list Shelby County Government as the proper defendant in this case. (ECF No. 40.)

[3] The Magistrate Judge describes Plaintiff as seeking a 5% raise for performing multiple work functions. (ECF No. 40-1 at 120.) The Court notes that Plaintiff only seeks a 5% raise because she alleges that a similarly situated white employee has received it for the same level of responsibility. (ECF No. 1 at 7.)

2

She claimed that the discrimination motivating the lawsuit occurred at three times: in May 2015, from April to July of 2016, and from November 2016 to the present. (Id. at 4.)

Minner amended her complaint on December 14, 2017. (ECF No. 9.) The First Amended Complaint for the most part only listed new claims and parties; very little information from the original Complaint was included. (Compare ECF No. 1 and ECF No. 9.) The First Amended Complaint only incorporates one EEOC charge by reference, one that was resolved after Minner filed her original Complaint. (Id. at 26-27.) Minner listed the Juvenile Court and added Mathew John, a Juvenile Court administrator, as a defendant but did not list Parson or Cummings. (Id. at 21.) In the First Amended Complaint, Minner again requested that negative reports be removed from her personnel file and reasserted general claims of racial discrimination but did not repeat her request to be paid equal to white employees nor damages for each week of alleged discrimination. (Id. at 23, 25.) She did, however, specify that she requested $ 50,000 in punitive damages for defamation. (Am. Compl., ECF No. 9 at 25.) In the Amended Complaint, Minner listed the relevant time for the alleged discrimination as July 2017 through the time of filing. (Id. at 23.)

Minner filed a Second Amended Complaint on February 7, 2018. (ECF No. 18.) Minner incorporated all four of her previously cited EEOC charges and listed all four previously named defendants in the Second Amended Complaint. (Id. at 45, 48.) She again requested that her personnel file be cleared of negative reports, reasserted her original request to be paid at the same rate as similarly situated white employees, and increased her request for punitive damages from $50,000 to $75,000. (Id. at 49.) Minner asserted a completely new claim under the Violent Crime Control and Law Enforcement Act, 34 U.S.C. § 12601. (Id. at 46.)

Defendants Juvenile Court, Parson, and Cummings filed a Motion to Strike the Second Amended Complaint on March 5, 2018. (ECF No. 30.) Defendants argue that Minner had not received leave from the Court to file her second amended complaint as required by Federal Rule of Civil Procedure 15(a). (ECF No. 30-1 at 82.) Even if Minner had moved for leave, Defendants argue that it would nonetheless be improper because the Second Amended Complaint seeks to reassert Parson and Cummings as individual Defendants after they were omitted in the First Amended Complaint and claims against Parson and Cummings are now time-barred. (Id. at 83-84.) Plaintiffs also argue that an amendment adding Parson and Cummings would be futile, because Title VII does not hold individual employees or supervisors liable. (Id. at 85.) Defendants also assert that Minner's fourth EEOC charge, which was dismissed by the Commission on September 29, 2017 and included in the First Amended Complaint, (ECF No. 9 at 26-27,) is time-barred. (ECF No. 30-1 at 84.) Finally, Defendants point out that the Violent Crime Control and Law Enforcement Act does not allow for a private right of action and argue that an amendment to include such a claim would be futile. (Id.)

On March 14, 2018, Plaintiff filed a Motion for Leave to File her Second Amended Complaint, in which she stated that she had meant to request leave in her February 7, 2018 filing but that her "intent regarding the pleading was misinterpreted by the U.S. District Court Clerk personnel." (ECF No. 34.)[4] Defendants opposed this motion and incorporated the arguments presented in their Motion to Strike. (ECF No. 36.) Minner then filed a Motion to Correct her previous filings to reflect Shelby County Government as a Defendant in addition to the Juvenile

---

[4] As stated in more detail below, the Court interprets Minner's pro se filings liberally. The Court accepts that Minner likely would have filed for leave to amend had she better understood the Federal Rules of Civil Procedure. Defendants' Motion to Strike, (ECF No. 30) is therefore denied as moot but the Court considers Defendants' arguments as incorporated in their Response in Opposition to the Motion for Leave to Amend. (ECF No. 36.)

Court of Memphis, which, as noted above, is administered by the County. (ECF No. 38.)

On June 4, 2018, the Magistrate Judge issued a Report and Recommendation on the issues surrounding Minner's Second Amended Complaint. (ECF No. 40.) The Magistrate Judge proposes that this Court deny Plaintiff's Motion for Leave to File and grant Defendant's Motion to Strike. (Id.) Specifically, the Magistrate Judge recommends that the Court deny Plaintiff leave to add a claim under the Violent Crime Control and Law Enforcement Act, because such an amendment would be futile. (Id. at 126.) The Magistrate Judge also recommends that the Court deny Plaintiff leave to reassert her claims against Parson and Cummings, because "Plaintiff had the opportunity to name them as Defendants in her [First] Amended Complaint and declined to do so." (Id. at 125.) The Magistrate Judge further recommends that the Court deny Plaintiff leave to amend the dates listed in her complaint, because there is no basis for such an amendment. (Id. at 126.) The Magistrate Judge also recommends that the Court deny Plaintiff leave to amend her complaint so as to incorporate all four of her EEOC charges, because three of those Charges were mentioned in the original Complaint but not in the First Amended Complaint. (ECF No. 40-1 at 127.) The Magistrate Judge also recommends that Plaintiff be limited to the relief requested in her First Amended Complaint. (Id. at 126.)

Plaintiff filed a timely objection on June 18, 2018. (ECF No. 41.) Minner states that she meant her First Amended Complaint to add to her original Complaint, not replace it. (Id. at 129.) Minner argues that justice requires her amendments, and the Court should therefore freely give her leave to amend. See Fed. R. Civ. Pro. 15(a). (ECF No. 41 at 130.) Minner also argues that Defendants will not be prejudiced by her amendment. (ECF No. 41 at 130.) Finally, Minner points out that motions filed pro se are to be interpreted liberally. (Id.)

## II. Legal Standard

### a. Review of a Magistrate Judge's Report and Recommendation

"Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee note.

When a timely objection has been filed, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The portions of a magistrate judge's recommendation as to which no specific objections were filed are reviewed for clear error. See Fed. R. Civ. P. 72(b) advisory committee notes; Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991) (noting that when a party makes a general objection, "[t]he district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless."). "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object." Howard, 932 F.2d at 509. Moreover, the "failure to properly file objections constitutes a waiver of appeal." See Howard, 932 F.2d at 508 (citing United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

### b. Pro Se Filings

"A document filed pro se is to be liberally construed." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks omitted). "District courts have a responsibility to construe pro se complaints liberally and to allow ample opportunity for amending the complaint when it appears

that the pro se litigant would be able to state a meritorious claim." McCallum v. Gilless, 38 F. App'x 213, 216 (6th Cir. 2002).

### c. Motions for Leave to Amend

After the time to amend a complaint as a matter of course has elapsed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. Pro. 15(a). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." Foman v. Davis, 371 U.S. 178, 182 (1962).

### III. Discussion

#### a. Standard of Review

Plaintiff's three objections are brief, but like all pro se filings, they are to be construed liberally. Erickson, 551 U.S. at 94. Minner objects that justice does in fact require her amendments, and that the Magistrate Judge has not articulated specific reasons, like undue delay or bad faith, for denying leave that should be "freely given." Foman, 371 U.S. at 182. (ECF No. 41 at 130.) Minner also objects that her filings have not been read in the proper light given her pro-se status and argues that the Magistrate Judge has misunderstood her. (ECF No. 41.) The

Court finds these objections to be specific enough to guide its examination of the Magistrate Judge's Report, and therefore interprets the Magistrate Judge's findings of fact and law de novo. See Howard, 932 F.2d at 509.

### b. Interpretation of the First Amended Complaint

The Court begins by considering Minner's First Amended Complaint. The Magistrate Judge correctly points out that the First Amended Complaint features practically none of the original claims or defendants contained in the original Complaint. Generally, an "amended complaint supersedes an earlier complaint for all purposes." In re Refrigerant Compressors Antitrust Litigation, 731 F.3d 586, 589 (6th Cir. 2013). In the case of pro se litigants, however, filings are to be liberally construed. Erickson, 551 U.S. at 94. Our sister court has recently found that a pro se plaintiff who misunderstood the amendment process should not be held to have waived virtually all of her claims for relief because she did not know that amendments filed in federal court are usually expected to be comprehensive. See Taylor-Merideth v. Metro. Gov't of Nashville & Davidson Cty., No. 3:16-CV-00612, 2017 WL 1164583, at *1 (M.D. Tenn. Mar. 28, 2017) ("[I]t is apparent to the Court that [Plaintiff] Taylor–Merideth likely did not understand that her Amended Complaint would supersede the original Complaint, and that therefore she needed to re-allege the facts entitling her relief… In light of the lenient standards afforded to pro se litigants at the pleading stage, the Court will construe the Complaints together rather than require additional amendment.")

Upon consideration of the lenient standards afforded pro se litigants, our sister court's reasoning in Taylor-Meredith, the Supreme Court's encouragement of amendments in Foman, and the record in this case, the Court finds that Minner likely failed to include her original claims

in her Amended Complaint based on a misunderstanding of the Federal Rules of Civil Procedure. As stated above, "[d]istrict courts have a responsibility to construe pro se complaints liberally and to allow ample opportunity for amending the complaint when it appears that the pro se litigant would be able to state a meritorious claim." McCallum, 38 F. App'x at 216. As our sister court did in Taylor-Meredith, the Court finds that Minner likely meant to add the claims in her Amended Complaint to those in her Original Complaint; she did not intend to replace them. Justice therefore requires that this Court give Minner leave to correct the record by filing her Second Amended Complaint. The Court respectfully disagrees with the Magistrate Judge's recommended findings that there is "no basis" for Plaintiff's amendments. (See ECF No. 40 at 126-27.)

   c. **Plaintiff's Second Amended Complaint**

Leave to amend should only be freely given "in the absence of any apparent or declared reason" to the contrary. Foman, 371 U.S. at 182. Defendants raise, and the Magistrate Judge identified, reasons why some specific aspects of Minner's Motion for Leave to Amend should not be granted. First, the Defendants and the Magistrate Judge point out that the Violent Crime Control and Law Enforcement Act can only be enforced by the United States government, not private citizens. 34 U.S.C. § 12601(b); see Cordell v. Town of Signal Mountain, No. 1:13-cv-137, 2014 WL 5704662, at *4 (E.D. Tenn. Nov. 5, 2014). An amendment introducing a claim under that Act would be futile. The Magistrate Judge's recommendation that Defendant's Motion for Leave to Amend should be denied insofar as it seeks to add a claim under the Violent Crime Control and Law Enforcement Act is well-taken and ADOPTED and Minner's Motion for Leave to Amend is DENIED to the extent that it asserts a claim under the Violent Crime Control and Law Enforcement Act.

Defendants argue that the Complaint should not be amended to reassert Title VII claims against Parson and Cummings, because Title VII does not allow for claims against individuals. Defendants are correct. Wathen v. Gen. Elec. Co., 115 F.3d 400, 405 (6th Cir. 1997). Although justice requires the Court to allow Minner leave to amend her complaint to correct a misunderstanding of the Federal Rules, it does not require the Court to allow a futile claim. Foman, 371 U.S. at 182. Insofar as it seeks to reassert claims against Parson and Cummings in their personal capacities, Minner's Motion for Leave to Amend is DENIED because those claims would be futile.

The Court next considers Minner's attempts to amend her Complaint to reassert her request for equal pay and the factual allegations contained within her first three EEOC charges. (Second Am. Compl., ECF No. 18 at 49.) Defendants assert that this argument is waived by its omission from the First Amended Complaint, but otherwise allege no prejudice, undue delay, or malicious motive. (See D.'s Mem. Supp. Mot. Strike, ECF No. 30-1 at 84.) As stated above, justice requires that Minner's Motion for Leave to Amend be granted absent a specific reason to the contrary. To the extent that she requests leave to reassert her claims for equal pay, racial discrimination, and retaliation against her by her employer, Minner's Motion for Leave to File is GRANTED.[5]

The Court now turns to the time periods during which Minner alleges she suffered from discrimination. Read together, Minner's original and First Amended Complaints allege discrimination in May 2015, from April 2016 to July 2016, and from November 2016 to the

---

[5] Defendants argue that claims derived from Minner's fourth EEOC charge are time-barred. (D.'s Mem. Supp. Mot. Strike, ECF No. 30-1 at 84.) Minner received her Right to Sue letter for her fourth charge on Sepctember 29, 2017 and asserted a claim based on it in her First Amended Complaint seventy-six days later on December 14, 2017. Minner's claims were asserted within the ninety-day window allowed by 42 U.S.C. §2000e-5(f)(1).

present. (See Report and Recommendation, ECF No. 40-1 at 126.) The Second Amended Complaint bridges the gap from July to November 2016; in other words, it asserts that Minner suffered discrimination in May 2015, and from April 2016 to the present. Again, "in the absence of any apparent or declared reason… the leave sought should, as the rules require, be 'freely given.'" Foman, 371 U.S. at 182. The Court finds no apparent or declared reason to prevent Minner from alleging discrimination in August, September, and October of 2016. Minner's Motion for Leave to Amend is therefore GRANTED insofar as she seeks to assert an additional three months of discrimination.

Minner seeks $75,000 in punitive damages in her Second Amended Complaint, but only sought $50,000 in punitive damages in her First Amended Complaint. As above, the Court finds no apparent or declared reason to prevent Minner for increasing the relief sought for previously asserted claims. Minner's Motion for Leave to Amend is therefore GRANTED insofar as she seeks additional damages.

## IV. Conclusion

The Court ADOPTS IN PART the Report and Recommendation of the Magistrate Judge as to Minner's request for leave to assert a claim under the Violent Crime Control and Law Enforcement Act, because such a claim would be futile. The Court DENIES Minner's Motion for Leave to Amend insofar as it requests relief under Title VII against Parson and Cummings, because such a claim would be futile. The Court otherwise GRANTS Plaintiff's Motion for Leave to Amend the Complaint. Plaintiff's Second Amended Complaint stands as filed, except to the extent that it asserts claims under the Violent Crime Control and Law Enforcement Act and under Title VII against Parson and Cummings individually.

**IT IS SO ORDERED**, this 2nd day of October, 2018.

             /s/ Jon McCalla
             JON P. McCALLA
             UNITED STATES DISTRICT JUDGE