# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| PATRIECE D. MINNER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SHELBY COUNTY, GOVERNMENT, ) <br> ) <br> Defendant. ) <br> ) | Case No. 2:17-cv-02714-JPM-cgc |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION; AND
## ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Before the Court is the Report and Recommendation filed by U.S. Magistrate Judge Charmiane Claxton on November 15, 2019. (ECF No. 103.) In the Report and Recommendation, the Magistrate Judge recommends that the Court grant Defendant Shelby County's Motion for Summary Judgment. (Id. at PageID 502.) The Magistrate Judge first found that Plaintiff's Response to the Motion (ECF No. 100) failed to respond to Defendant's Statement of Undisputed Material Facts, therefore rendering all of Defendant's asserted facts undisputed pursuant to Local Rules 56.1(b) and 56.1(d). (ECF No. 103 at PageID 504.) The Magistrate Judge then denied Plaintiff's request for additional discovery, pointing to the fact that Plaintiff "was afforded [an opportunity for real discovery] under the Court's Scheduling Order, which set a deadline for completing all discovery on July 26, 2019," and that Plaintiff failed to demonstrate "excusable neglect" in failing to complete discovery prior to this deadline. (Id. at PageID 506–07.) The Magistrate Judge then found that (1) Plaintiff failed to produce either

direct or circumstantial evidence making out a prima facie case of racial discrimination under Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII"), and (2) that Plaintiff failed to produce evidence making out a prima facie case of discriminatory retaliation under Title VII. (Id. at PageID 509–14.)

On November 15, 2019, the same day Magistrate Judge Claxton issued her Report and Recommendation, Plaintiff filed her Motion for Summary Judgment. (ECF No. 104.) Plaintiff stylizes her Motion as a "Response in Opposition to Defendants' Motion for Summary Judgment," and includes affidavits and unsworn statements responding to "Defendant's Reply to Pro Se Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment." (Id. at PageID 515.) Plaintiff disputes the truthfulness of the deposition testimony of certain individuals in the case and reasserts her contention that she was subjected to "severe and pervasive" treatment while employed by the Shelby County Juvenile Court. (Id. at PageID 515–16.)

On November 19, 2019, Defendant filed a Motion to Strike Plaintiff's Motion for Summary Judgment. (ECF No. 105.) In the Motion to Strike, Defendant argues that Plaintiff's Motion for Summary Judgment is untimely, regardless of whether it was intended as a response to Defendant's Motion for Summary Judgment, a sur-reply to Defendant's Motion for Summary Judgment, or as a motion for summary judgment in favor of Plaintiff. (Id. at PageID 527–30.) Additionally, Defendant argues that the timeliness of the Motion is irrelevant because it does not dispute the legal and factual assertions set forth in Defendant's Motion for Summary Judgment. (Id. at PageID 527–30.)

The Court agrees with Defendant that the Motion is untimely, regardless of whether Plaintiff's Motion was a sur-reply, a Response, or a new motion for summary judgment. (Id.)

The Motion was filed on November 19, 2019. (ECF No. 105.) The Scheduling Order set the dispositive motions deadline for August 23, 2019, rendering Plaintiff's November 19, 2019 filing untimely if construed as a Motion for Summary Judgment. (ECF No. 49.) If construed as a response to Defendant's Motion for Summary Judgment filed on August 21, 2019 (ECF No. 92), Plaintiff's Motion was filed well past the 28-day deadline for filing such a response per Local Rule 56.1(b). Magistrate Judge Claxton's October 11, 2019 Order to Show Cause extended the Plaintiff's response deadline and required Plaintiff to file her response no later than 14 days from the date of the Order, or no later than October 25, 2019. (ECF No. 96.) Plaintiff did not file her Motion for Summary Judgment until November 19, 2019. (ECF No. 104.) Therefore, if construed as a response, Plaintiff's filing is untimely. Finally, per Local Rule 56.1(e), a sur-reply to a motion pursuant to Federal Rule of Civil Procedure 56 (1) must be filed within 7 days of service of a reply memorandum, (2) must be no longer than 4 pages, and (3) must respond only to objections raised by the moving party in the reply. Plaintiff's Motion, while plausibly meeting the latter two requirements imposed on sur-replies by Local Rule 56.1(e), was filed after the deadline imposed by Local Rule 56.1(e). (ECF No. 104.) Therefore, regardless of how the Court construes Plaintiff's Motion, it is untimely.

Despite the Motion's untimeliness, the Court will consider the merits of Plaintiff's Motion as an objection to the Report and Recommendation. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (noting that pro se filings are held to "less stringent standards than formal pleadings drafted by lawyers . . ."). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "When no timely objection is filed, the court need

only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee note.

When a timely objection has been filed, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The portions of a magistrate judge's recommendation as to which no specific objections were filed are reviewed for clear error. See Fed. R. Civ. P. 72(b) advisory committee notes; Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991) (noting that when a party makes a general objection, "[t]he district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless."). "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object." Howard, 932 F.2d at 509. Moreover, the "failure to properly file objections constitutes a waiver of appeal." See Howard, 932 F.2d at 508 (citing United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

The Court finds Plaintiff's objections without merit. (ECF No. PageID 515–16.) Plaintiff relies on unsworn statements attached as exhibits to her Motion for the proposition that certain individuals perjured themselves in their deposition testimony and that she was subjected to a "severe and pervasive" work environment. (Id. at PageID 523–26.) Moreover, these allegations are largely unsupported by applicable law and do not provide facts demonstrating that Plaintiff was unlawfully discriminated against based on her race or retaliated against in violation of Title VII.

Additionally, Plaintiff has not specifically objected to: (1) the Magistrate Judge's finding that Plaintiff failed to produce direct evidence that a certain individual Peatross received out-of-class pay that Plaintiff did not receive, based on Plaintiff's race; (2) the Magistrate Judge's

4

finding that Plaintiff has not produced evidence demonstrating that Defendant's asserted legitimate, non-discriminatory reason for her termination was pretextual; and (3) the Magistrate Judge's findings that Plaintiff was not subjected to an adverse employment action for purposes of her retaliation claim, Defendant's decision not to promote Plaintiff was not in response to any protected activities engaged in by Plaintiff, and that Defendant's reprimand of Plaintiff was not an adverse employment action. (Id. at PageID 509–514; Plaintiff's Motion for Summary Judgment, ECF No. 104.)

Even if Plaintiff's Motion properly objected to the findings of the Report and Recommendation, the Court will not consider unsworn statements as evidence. See Dole v. Elliot Travel Tours, Inc., 942 F.2d 962, 968–69 (6th Cir. 1991) ("[T]he unsworn statements of two employees . . . must be disregarded because a court may not consider unsworn statements when ruling on a motion for summary judgment."). Moreover, the singular affidavit provided by Plaintiff contains only conclusory statements that do not plausibly support Plaintiff's allegations of racial discrimination or unlawful retaliation in violation of Title VII. (ECF No. 104-1 at PageID 519–20.)

Therefore, the Court construes Plaintiff's attempt to challenge either Defendant's Motion for Summary Judgment or the findings of the Report and Recommendation as a general objection to the Magistrate Judge's findings, subject to clear-error review. See Howard, 932 F.2d at 509.

On clear-error review of the Magistrate Judge's Report and Recommendation, the Court hereby ADOPTS the Report and Recommendation in its entirety. Accordingly, Defendant's Motion for Summary Judgment is GRANTED.

**SO ORDERED**, this 3rd day of December, 2019.

                                            /s/ Jon P. McCalla
                                            JON P. McCALLA
                                            UNITED STATES COURT JUDGE